UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


ANDRE AMOS PORTER DUFFIS,

v.                                          Case No.      8:05-cr-100-T-17MAP
                                                          8:07-cv-1986-T-17MAP

UNITED STATES OF AMERICA.

_____/


**O R D E R**

This cause is before the Court on Defendant's motion to vacate, set aside, or correct

an allegedly illegal sentence pursuant to 28 U.S.C. § 2255.  (Doc. cv-1; cr-145).  A review

of the record demonstrates that, for the following reasons, the motion to vacate must be

denied.

Procedural History

On March 3, 2005, a grand jury in the Middle District of Florida indicted Duffis and

others on charges of possession with intent to distribute five kilograms or more of cocaine

while on board a vessel subject to the jurisdiction of the United States, in violation of 46

U.S.C. app. §§ 1903(a) and 1903(g), 18 U.S.C. § 2, and 21 U.S.C. § 960(b)(1)(B)(ii) (Count

One of the Indictment) and conspiracy to possess with intent to distribute five kilograms or

more of cocaine while on board a vessel subject to the jurisdiction of the United States, in

violation of 46 U.S.C. app. §§ 1903(a), 1903(g), and 1903(j), and 21 U.S.C. 960(b)(1)(B)(ii) (Count Two of the Indictment).

On April 25, 2005, Duffis pled guilty, without a plea agreement, to both counts of the indictment. Docs. cr-1, cr-36, cr-115 (transcript). Duffis' guilty plea was later accepted by the Court, and he was adjudicated guilty. Doc. cr-68. On October 6, 2005, the Court sentenced Duffis to 135 months' imprisonment on each count of the indictment to run concurrently, to be followed by a 36- month term of supervised release. Docs. cr-78, cr-79, and cr-107 (transcript).

Duffis directly appealed the final judgment to the United States Court of Appeals for the Eleventh Circuit, Appeal No. 05-15635-GG. On appeal, Duffis[1] challenged his sentence, arguing that the District Court erred in not granting him a two level decrease to his base offense level under U.S.S.G. §3B1.2 for his alleged minor role, and that his sentence was unreasonable. Doc. cr-141.

On August 1, 2006, the United States Court of Appeals for the Eleventh Circuit affirmed Duffis' conviction, holding that Duffis failed to demonstrate entitlement to mitigating-role reduction in sentence, and that his sentence was reasonable. *United States v. Duffis*, 191 Fed. Appx. 867 (11th Cir. 2006) (unpublished). Doc. cr-141 (USCA Judgment).

On November 1, 2007, Duffis, under the mailbox rule, timely filed the instant Section 2255 motion and supporting affidavit (Docs. cv-1, cv-2) claiming:

a. His counsel provided ineffective assistance when he failed to fully explain the

---

[1] Appellate briefs of the petitioner and the government are attached as Attachments 2 1 and 2, respectively. The petitioner's reply brief is also included as Attachment 3.

elements of the charges, did not explain his guilty plea, made poor or weak objections to his presentence investigation report (PSR), and failed to consult with him in preparation of his direct appeal (Docs. cv-1 at 4, cv-2 at 3-5); and

b. The Court erred by imposing the same sentence on Duffis as it did the captain (Doc. cv-1).

### B. COGNIZABILITY OF CHALLENGES TO A GUILTY PLEA

After a conviction based on a guilty plea has become final, such as in Duffis' case, a petitioner may challenge only the knowing and voluntary nature of the plea, unless the record demonstrates that the district court lacked the power to enter the conviction or impose the sentence. *United States v. Broce*, 488 U.S. 563 (1989); *United States v. Kaiser,* 893 F.2d 1300 (11th Cir. 1990). It is well settled that a "voluntary, unconditional guilty plea waives all nonjurisdictional defects in the proceedings." *United States v. Patti*, 337 F.3d 1317, 1320 n. 4 (11th Cir. 2003).

Most errors in Fed. R. Crim. P. 11 plea colloquy will not support collateral relief. *United States v. Timmreck*, 441 U.S. 780 (1979); *Holmes v. United States*, 876 F.2d 1545 (failure to advise of mandatory minimum) (11th Cir. 1989); *Lilly v. United States*, 792 F.2d 1541 (11th Cir. 1986) (failure to advise that if court does not accept recommendation as to sentence petitioner will not be entitled to withdraw plea). A defective plea colloquy that would have resulted in vacation of a conviction on direct appeal will not necessarily result in collateral relief; petitioner is confronted with a much higher level of scrutiny on a Section 2255 challenge to a guilty plea. *United States v. Patterson*, 739 F.2d 191, 194-95 (5th Cir. 1984).

Duffis is barred from raising a challenge to the factual basis of his plea in a 28

U.S.C. § 2255 motion. *See Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992). In the context of a Section 2255 motion, "a defendant who enters a plea of guilty waives all nonjurisdictional challenges to the constitutionality of the conviction, and only an attack on the voluntary and knowing nature of the plea can be sustained." *Id.* This waiver includes constitutional claims. *Wilson v. United States*, 962 F.2d 996 (11th Cir. 1992) (preplea ineffectiveness waived); *Dermota v. United States*, 895 F.2d 1324 (11th Cir.) (double jeopardy claim waived), cert. denied, 498 U.S. 837 (1990). Moreover, guilty pleas foreclose most claims from collateral attack. *See United States v. Broce*, 488 U.S. 563, 569 (1989); *Dermota v. United States*, 895 F.2d 1324, 1326 (11th Cir.) (double jeopardy claim waived), *cert. denied*, 498 U.S. 837 (1990).

When Duffis entered his guilty plea, he waived all but jurisdictional claims up to the time of the plea. *See Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973). In this case, Duffis admitted he committed the crimes as charged in the indictment knowingly, voluntarily and willfully. The Court found that Duffis was: . . . fully competent and capable of entering an informed plea and that [his] plea is a knowing and voluntary one supported by an independent basis in fact containing, that all the essential elements of the offenses charged in [his indictment] that [he] [has] pled guilty to. Doc. cr-115 at 43-44.

Duffis' claims that his counsel failed to fully explain the elements of the charges and did not explain his guilty plea are matters which are waived. By pleading guilty, Duffis has waived any claim of pre-plea ineffectiveness. *Wilson v. United States*, 962 F.2d 996 (11th Cir. 1992) (pre-plea ineffectiveness waived). Such allegations were resolved by the Court at the guilty plea hearing.

The Court explained to Duffis each charge as contained in the indictment. Doc. cr-

115 at 37-40. Afterwards, the Court specifically asked Duffis if he understood what he was charged with in Count One and Count Two. Duffis responded affirmatively. Doc. cr-115 at 37-38. The Court also reviewed the factual basis with Duffis:

> According to the government, you and other crew members were arrested in the Caribbean while aboard a go-fast boat, one that was not flying a flag or had any markings or any evidence of its nationality.
>
> And that the Coast Guard discovered approximately forty-eight bales of cocaine each weighing approximately twenty-five kilograms that had been thrown overboard by the crew.

Doc. cr-115 at 39. The Court then asked Duffis if he "knowingly and willfully participate[d] in this smuggling venture?" Duffis agreed and also agreed that he was pleading guilty because he was, in fact, guilty of the charges. Doc. cr-115 at 40. Before concluding its plea colloquy, the Court asked Duffis if he had any questions about what they had discussed at the hearing or anything regarding his plea. Duffis did not have any questions for the Court. Doc. cr-115 at 43. The record is clear that Duffis understood the charges to which he was pleading, he understood the proceedings, and his plea was made knowingly and voluntarily. Therefore, Duffis' claim is not cognizable on collateral attack.

## INEFFECTIVE ASSISTANCE OF COUNSEL

Duffis alleges his counsel failed to fully explain the elements of the charges, did not explain his guilty plea, made poor or weak objections to his PSR, and failed to consult with him in preparation of his direct appeal (Ground 1). Docs. cv-1 at 4, cv-2 at 3-5. The Sixth Amendment right to counsel is the right to effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). The benchmark for judging any claim of ineffective assistance of counsel, however, is whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having

produced a just result. *Strickland v. Washington*, 466 U.S. 668, 688 (1984); *see also Boykins v. Wainwright*, 737 F.2d 1539, 1542 (11th Cir. 1984). The burden is on the defendant to demonstrate that (1) counsel's performance fell below an objective standard of reasonable professional assistance and (2) the defendant was prejudiced by the deficient performance. *United States v. Cronic*, 466 U.S. 648, 658 (1984).

The reasonableness of counsel's challenged conduct must be judged on the facts of the particular case, viewed as of the time of counsel's conduct. *Devier v. Zant*, 3 F.3d 1445, 1450 (11th Cir. 1993). For performance to be deficient, it must be established that, in light of all the circumstances, counsel's performance was outside the wide range of professional competence. *See Strickland*, 466 U.S. at 690.  Judicial scrutiny of counsel's performance must be highly deferential, and courts "must avoid second- guessing counsel's performance." *Chandler v. United States*, 218 F.3d 1305, 1314 (11th Cir. 2000) (en banc). "Courts must 'indulge [the] strong presumption' that counsel's performance was reasonable and that counsel 'made all significant decisions in the exercise of reasonable professional judgment.' " *Id.* (quoting *Strickland*, 466 U.S. at 689). The defendant's burden in this regard, though not insurmountable, is a heavy one. *See Chandler*, 218 F.3d at 1314. For a petitioner to show deficient performance, he "must establish that no competent counsel would have taken the action that his counsel did take." Id. at 1315.

To establish prejudice, a petitioner must demonstrate a reasonable probability that, but for counsel's deficient performance, the result of his trial would have been different. *United States v. Greer*, 440 F.3d 1267, 1272 (11th Cir. 2006). A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Rolling v. Crosby*, 438 F.3d 1296, 1300 (11th Cir. 2006). If the defendant fails to show that he was prejudiced by the

alleged errors of counsel, this Court may reject the defendant's claim without determining whether the counsel's performance was deficient. *Strickland,* 466 U.S. at 697; *Tafero v. Wainwright*, 796 F.2d 1314, 1319 (11th Cir. 1986).

Finally, "[n]o absolute rules dictate what is reasonable performance for lawyers." Id. at 1317. Further, vague, conclusory, speculative, or unsupported claims cannot support an ineffective assistance of counsel claim. *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991).

As discussed above, Duffis' claims of pre-plea ineffectiveness (counsel failed to fully explain the elements of the charges and did not explain his guilty plea) are waived by his guilty plea and have no merit. The additional claims, that counsel was ineffective in his objections to the PSR and did not consult with Duffis in preparation of his direct appeal have no merit.

Objections to PSR

Duffis claims his counsel rendered ineffective assistance when he made poor or weak objections to Duffis' PSR. Duffis fails to provide any support for his argument other than to state in his own unsworn affidavit that although counsel did request a minor role reduction, but did so "in a vague insubstantial manner." Doc. cv-2 at 4. Duffis does not mention any other objections he wished his counsel had made. Further, Duffis does not provide any evidence that his role is any less culpable than that of the other crewmen.

To obtain a mitigating-role adjustment, a defendant must satisfy his burden of demonstrating that he is "substantially less culpable than the average participant." U. S. S. G. §3B1.2, comment. (n.3(A)). A district court should consider "first, the defendant's role in the relevant conduct for which [he] has been held accountable at sentencing, and,

second, [his] role as compared to that of other participants in [his] relevant conduct." *United States v. Rodriguez De Varon*, 175 F.3d 930, 939 (11th Cir. 1999) (en banc).

Prior to sentencing, Duffis' counsel submitted her objections to Duffis' PSR specifically stating her client should receive a minor role reduction. See Addendum to PSR. At sentencing counsel argued that Duffis was not the owner of the boat, did not plan the trip, was not paid any commission from the sale of the drugs, did not have an equity interest in the drugs, had no role in the decision making, and was not a mechanic. Counsel pointed out Duffis was only responsible for the gasoline, was merely paid a flat fee, and was nothing more than a "mule" in the conspiracy. Doc. cr- 107 at 5-11. These are similar to the points Duffis makes in his affidavit. Doc. cv-2 at 3. Counsel also made these arguments with the Eleventh Circuit on direct appeal. Attachment 1 at 11-15. The Eleventh Circuit held that "the district judge did not clearly err in finding that [Duffis] did not play a minor role in the instant offense and that he was not less culpable compared to the other participants." Doc. 141 at 11.

Failure to Consult in Preparation of Direct Appeal

Duffis next claims his counsel was ineffective when he failed to consult with him in preparation of his direct appeal. Again, Duffis offers no evidence to support his allegation or show how he was prejudiced by counsel's actions. Duffis does not address any other possible issues for appeal outside of the denial of his request for a downward departure for minor role in his case, and as discussed above, counsel did raise that issue on appeal. Doc. cv-2. Therefore, Duffis cannot show that his counsel's performance was deficient or that he was prejudiced by his counsel's actions, and his motion should be denied.

**PRIOR RESOLUTION**

Prior resolution bars reconsideration of Duffis' claim that the court erred by imposing the same sentence on Duffis as it did the captain (Ground 2). Doc. cv-1 at 4. The government submits this is another argument for minor role. Duffis raised this claim on direct appeal and, as discussed above, the Eleventh Circuit resolved the issue against him. Generally, claims raised and disposed of in a previous appeal are precluded from reconsideration in a Section 2255 proceeding. *Davis v. United States*, 417 U.S. 333 (1974); *United States v. Rowan*, 663 F.2d 1034, 1035 (11th Cir. 1981).

Duffis provides no new argument outside of what was addressed in his appellate brief. See Attachment 1 at 11-15. Duffis certainly has not established any extraordinary circumstance that would justify reconsideration of this claim. *See Schlup v. Delo*, 15 S. Ct. 851 (1995); *Davis v. United States*, 417 U.S. 333 (1974). Therefore, Duffis' claim is procedurally barred.

## EVIDENTIARY HEARING

Duffis is not entitled to an evidentiary hearing. Duffis has the burden of establishing the need for an evidentiary hearing, *see Birt v. Montgomery*, 725 F.2d 587, 591 (11th Cir. 1984) (en banc), and he would be entitled to a hearing only if his allegations, if proved, would establish his right to collateral relief, *see Aron v. United States*, 291 F.3d 708, 714-15 (11th Cir. 2002). "Under Rules Governing Section 2255 Cases, Rule 4(b), a district court faced with a § 2255 motion may make an order for its summary dismissal "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief[.]" *Broadwater v. United States*, 292 F.3d 1302, 1303 (11th Cir. 2002) (quoting 28 U.S.C. foll. § 2255). Accordingly, no hearing is required when the record establishes that a section 2255 claim lacks merit, *see United*

*States v. Lagrone*, 727 F.2d 1037, 1038 (11th Cir. 1984), or that it is defaulted. *See*

*McCleskey v. Zant*, 499 U.S. 467, 494 (1991).

An evidentiary hearing on a claim of ineffective assistance of counsel is required

only if the factual allegations, if true, would meet both prongs of *Strickland v. Washington*,

466 U.S. 668 (1984). *United States v. Laetivdal-Gonzalez*, 939 F.2d 1455, 1465 (11th Cir.

1991). In this instance, as set forth above, Duffis has failed to meet both *Strickland* prongs;

thus, no hearing is required.

Accordingly, the Court orders:

That Duffis' motion to vacate (Doc. cv-1; cr-145) is denied.  The Clerk is directed to

enter judgment against Duffis in the civil case and to close that case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Defendant is not entitled to a certificate of

appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to

appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court

must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ··· only if the

applicant has made a substantial showing of the denial of a constitutional right." *Id.* at §

2253(c)(2). To make such a showing, Defendant "must demonstrate that reasonable jurists

would find the district court's assessment of the constitutional claims debatable or wrong,"

*Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473,

484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to

proceed further, ' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v.*

*Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Defendant has not made the requisite showing in

these circumstances.

Finally, because Defendant is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on  April 25, 2008.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

AUSA:  W. Stephen Muldrow
Andres Amos Porter Duffis, pro se